## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| NIQUAY HARPER and KRYSTLE GRANDERSON, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>CAPITAL ONE FINANCIAL CORPORATION,<br><br>        Defendant. | Case No. ____3:21-cv-800____<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

### ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiffs NiQuay Harper ("Harper") and Krystle Granderson ("Granderson") bring this action individually and on behalf of all current and former hourly non-exempt call-center employees[1] (hereinafter "Plaintiffs and the Putative Class Members") who worked for Capital One Financial Corporation (hereinafter "Defendant" or "Capital One"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, Virginia common law, and VA. CODE ANN. § 40.1-29.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the respective state law claims are asserted as class actions under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own

---

[1] The term "hourly call-center employees" refers to any hourly employee of Capital One Financial Corporation, who worked either in a call center or remotely from home, and whose primary job duty was to handle inbound phone calls, outbound phone calls, emails, or instant chat messages with customers.

conduct and are made on information and belief as to the acts of others.

# I.
## OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and class actions pursuant to the laws of the State of Virginia and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2.      Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for Capital One as hourly call-center employees, anywhere the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked or the proper amount of overtime in violation of state and federal law.

3.      Specifically, Capital One has enforced a uniform company-wide policy wherein it improperly required (and continues to require) its non-exempt hourly call-center employees— Plaintiffs and the Putative Class Members—to perform work off-the-clock and without pay.

4.      Capital One's illegal company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiffs and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Capital One knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

---

Original Collective/Class Action Complaint                                    Page 2 of 20

7.      Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Virginia state law.

8.      Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Virginia state-law claims as Rule 23 class actions.

9.      Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiffs also pray that the Rule 23 class is certified as defined herein, that Plaintiff Harper designated herein be named as the Class Representative for the Virginia Common Law Class, and that Plaintiff Granderson designated herein be named as the Class Representative for the Virginia Wage Class.

## II.
## THE PARTIES

11.     Plaintiff NiQuay Harper ("Harper") was employed by Capital One during the relevant time period. Plaintiff Harper did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

12.     Plaintiff Krystle Granderson ("Granderson") was employed by Capital One during the relevant time period. Plaintiff Granderson did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

---

[2]  The written consent of NiQuay Harper is hereby attached as Exhibit "A."

[3] The written consent of Krystle Granderson is hereby attached as Exhibit "B."

13.     The FLSA Collective Members are those current and former non-exempt hourly call-center employees who were employed by Capital One, anywhere in the United States, at any time from December 21, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Harper worked and was paid.

14.     The Virginia Common Law Class Members are those current and former non-exempt call-center employees who were employed by Capital One, in the Commonwealth of Virginia, at any time from December 21, 2018 through June 30, 2020, and have been subjected to the same illegal pay system under which Plaintiff Harper worked and was paid.

15.     The Virginia Wage Class Members are those current and former non-exempt hourly call-center employees who were employed by Capital One, anywhere in the Commonwealth of Virginia, at any time from July 1, 2020 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Granderson worked and was paid.

16.     Defendant Capital One Financial Corporation ("Capital One") is a Virginia For-Profit Corporation licensed to and doing business in the Commonwealth of Virginia and may be served with process through its registered agent for service of process: **Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, Virginia 23219 - 4100.**

### III.
### JURISDICTION & VENUE

17.     This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18.     This Court has supplemental jurisdiction over the additional Virginia state-law claims pursuant to 28 U.S.C. § 1367.

19.     This Court has personal jurisdiction over Capital One because the cause of action arose within this District as a result of Capital One's conduct within this District and Division.

20.     Venue is proper in the Eastern District of Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21.     Specifically, Capital One has maintained a working presence throughout Virginia (and the United States) and Plaintiffs Harper and Granderson worked in Richmond, Virginia throughout their employment with Capital One, all of which is located in this District and Division.

22.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

23.     Capital One is the eighth largest bank in the United States.[4] Capital One provides credit cards, auto loans, banking, and savings accounts services throughout the country.

24.     To assist its customers, Capital One employed (and continues to employ) thousands of hourly call-center employees throughout the United States—Plaintiffs and the Putative Class Members—who work for Capital One both remotely as at-home employees and at call centers owned and operated by Capital One.[5]

25.     Plaintiffs and the Putative Class Members' job duties consisted of answering phone calls, emails, and instant messaging chats made by Capital One's customers, answering customer inquiries, troubleshooting issues on behalf of customers, and generally assisting customers.

26.     Plaintiff Harper was employed by Capital One as an hourly call-center employee in Richmond, Virginia from approximately April 2015 until May 2019.

27.     Plaintiff Granderson was employed by Capital One as an hourly call-center employee in Richmond, Virginia from approximately July 2019 until April 2021.

---

[4] https://www.capitalone.com/about/corporate-information/our-company/

[5] https://www.capitalonecareers.com/customer-advocates.

28.     Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

29.     Plaintiffs and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

30.     In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members worked up to two (2) hours "off-the-clock" per week and have not been compensated for that time.

**Unpaid Start-Up Time**

31.     Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for Capital One as a result of Capital One's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

32.     Specifically, Plaintiffs and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

33.     If Plaintiffs and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

34.     If Plaintiffs and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

35.     Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

36.     During this start up time, Plaintiffs and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

## Unpaid Work During the Meal Break Period

37.     Capital One provides Plaintiffs and the Putative Class Members with one unpaid meal break per shift.

38.     However, Capital One requires Plaintiffs and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch breaks.

39.     Plaintiffs and the Putative Class were (and continue to be) required to stay on the clock and on call until the minute their meal break began, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

40.     Plaintiffs and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone before their meal break ends.

41.     The log off process used prior to taking a meal break can take anywhere from one to three minutes.

42.     The log in process used after returning from a meal break can take anywhere from one to three minutes.

43.     This lengthy log off and log in procedure had to be performed during Plaintiffs and the Putative Class Members' meal break per Capital One's policy.

**Unpaid Re-Boot Time**

44.     Further, Plaintiffs and the Putative Class Members' computers crashed multiple times each week and required Plaintiffs and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

45.     Plaintiffs and the Putative Class Members were also not compensated for the time they worked for Capital One rebooting Capital One's computers after they crashed.

**Unpaid Rest Breaks Lasting Twenty Minutes or Less**

46.     In addition, Capital One also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

47.     Capital One permitted Plaintiffs and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

48.     As a result of Capital One's corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiffs and the Putative Class Members to clock out for short breaks, Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

49.     Capital One has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

50.     Capital One is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

51.     Because Capital One did not pay Plaintiffs and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Capital One's pay policies and practices violate the FLSA.

52.     Because Capital One did not pay Plaintiffs and the Putative Class Members for all the straight time hours they worked, Capital One's pay policies and practices also violate Virginia state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

A.      **FLSA COVERAGE**

53.     All previous paragraphs are incorporated as though fully set forth herein.

54.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY CAPITAL ONE FINANCIAL CORPORATION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 21, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

55.     At all times hereinafter mentioned, Capital One has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

56.     At all times hereinafter mentioned, Capital One has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

57.     At all times hereinafter mentioned, Capital One has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

58.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Capital One, these individuals have provided services for Capital One that involved interstate commerce for purposes of the FLSA.

59.     In performing the operations described hereinabove, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

60.     Specifically, Plaintiffs and the FLSA Collective Members are (or were) non-exempt employees of Capital One who assisted customers living throughout the United States. 29 U.S.C. § 203(j).

61.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

62.     In violating the FLSA, Capital One acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

63.     The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 54.

64.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Capital One.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

65.    All previous paragraphs are incorporated as though fully set forth herein.

66.    Capital One violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

67.    Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Capital One's acts or omissions as described herein; though Capital One is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

68.    Moreover, Capital One knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

69.    Capital One knew or should have known their pay practices were in violation of the FLSA.

70.    Capital One is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

71.    Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Capital One to pay them in accordance with the law.

72. The decision and practice by Capital One to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

73. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.    FLSA COLLECTIVE ACTION ALLEGATIONS

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all Capital One's call center employees throughout the United States who are similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

76. Other similarly situated employees have been victimized by Capital One's patterns, practices, and policies, which are in willful violation of the FLSA.

77. The FLSA Collective is defined in Paragraph 54.

78. Capital One's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Capital One, and does not depend on the personal circumstances of the Plaintiffs or the individual FLSA Collective Members.

79. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

80. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

81. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours

worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

82.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

83.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Capital One will retain the proceeds of its rampant violations.

84.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

85.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 54 and notice should be promptly sent.

<u>COUNT TWO</u>
**(Class Action Alleging Violations of Virginia Common Law)**

**A.      VIOLATIONS OF VIRGINIA COMMON LAW**

86.     All previous paragraphs are incorporated as though fully set forth herein.

87.     Plaintiff Harper further brings this action pursuant to the equitable theory of *quantum meruit* to recover unpaid straight time, which is not covered by the FLSA. *See Mongold v. Woods*, 278 Va. 196, 677 S.E.2d 288, 292 (2020).

88.     The Virginia Common Law Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY CAPITAL ONE FINANCIAL CORPORATION, IN VIRGINIA, AT ANY TIME FROM DECEMBER 21, 2018 THROUGH JUNE 30, 2020. ("Virginia Common Law Class" or "Virginia Common Law Class Members").**

89.     Plaintiff Harper and the Virginia Common Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Capital One.

90. These claims are independent of Plaintiff Harper's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA.

91. Plaintiff Harper and the Virginia Common Law Class Members provided valuable benefit to Capital One in the form of their labor.

92. Capital One acknowledged and accepted Plaintiff Harper and the Virginia Common Law Class Members' services and benefited from their timely dedication to Capital One's policies and adherence to Capital One's schedule.

93. Capital One was aware that Plaintiff Harper and the Virginia Common Law Class Members expected to be compensated for all the services they provided Capital One.

94. Despite reasonably knowing that Plaintiff Harper and the Virginia Common Law Class Members expected to be compensated for all of the labor they provided, Capital One instead accepted or retained the benefits of their labor without them for its value.

95. Capital One has therefore benefited from services rendered by Plaintiff Harper and the Virginia Common Law Class Members and they are therefore entitled to recover pursuant to the equitable theory of *quantum meruit*.

96. Further it would be unjust to allow Capital One to retain the benefit conferred by Plaintiff Harper and the Virginia Common Law Class Members under these circumstances.

## B. VIRGINIA COMMON LAW CLASS ALLEGATIONS

97. Plaintiff Harper brings her Virginia claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Capital One to work in Virginia since December 21, 2018. *See* VA. CODE ANN. § 8.01-246(4).

98. Class action treatment of Plaintiff Harper and the Virginia Common Law Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

---

99.     The number of Virginia Common Law Class Members is so numerous that joinder of all class members is impracticable.

100.    Plaintiff Harper is a member of the Virginia Common Law Class and her claims are typical of the claims of the other Virginia Common Law Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Virginia Common Law Class Members.

101.    Plaintiff Harper and her counsel will fairly and adequately represent the Virginia Common Law Class Members and their interests.

102.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

103.    Accordingly, the Virginia Common Law Class should be certified as defined in Paragraph 88.

## COUNT THREE
### (Class Action Alleging Violations of Virginia Code § 8.01-29)

**A.    VIOLATIONS OF VIRGINIA CODE§ 8.01-29**

104.    All previous paragraphs are incorporated as though fully set forth herein.

105.    The Virginia Wage Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY CAPITAL ONE FINANCIAL CORPORATION, IN VIRGINIA, AT ANY TIME FROM JULY 1, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Virginia Wage Class" or "Virginia Wage Class Members").**

106.    At all times hereinafter mentioned, Capital One has been an employer within the meaning contemplated by VA. CODE ANN. § 40.1-29.

107.    At all times hereinafter mentioned, Plaintiff Granderson and the Virginia Wage Class Members have been employees within the meaning contemplated by the Virginia Code § 40.1-29.

108.    Plaintiff Granderson and the Virginia Wage Class Members were or have been employed by Capital One since July 1, 2020 and have been covered employees entitled to the protections of the Virginia Code § 40.1-29.

109.    The employer, Capital One, is not exempt from paying wages in accordance with Virginia Code § 40.1-29.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE VIRGINIA CODE § 40.1-29**

110.    The Virginia Code requires that an employer—like Capital One—establish regular pay periods and pay all wages due on time. *See* VA. CODE ANN. § 40.1-29(A).

111.    The Virginia Code prohibits employers from withholding any part of the wages of its employees. *See* VA. CODE ANN. § 40.1-29(B).

112.    Capital One withheld and failed to pay Plaintiff Granderson and the Virginia Wage Class Members all of their owed wages on their regularly scheduled paydays because of its policies requiring them to work off-the-clock.

113.    Plaintiff Granderson and the Virginia Wage Class Members seek to recover their unpaid wages owed to them as a result of Capital One's company-wide policy.

114.    Plaintiff Granderson and the Virginia Wage Class Members have suffered damages and continue to suffer damages as a result of Capital One's acts or omissions as described herein; though Capital One is in possession and control of necessary documents and information from which Plaintiff Granderson and the Virginia Wage Class Members would be able to precisely calculate damages.

115.    Plaintiff Granderson, on behalf of herself and the Virginia Wage Class Members, seeks recovery of the unpaid wages earned and due, double or treble damages, attorneys' fees, and costs. *See* VA. CODE ANN. § 40.1-29(J)–(K).

116. In violating the Virginia Code § 40.1-29, Capital One acted knowingly, without a good faith basis, and with reckless disregard of applicable Virginia law.

117. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Virginia Code § 40.1-29, is defined in Paragraph 105.

118. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Capital One.

## C.   VIRGINIA WAGE CLASS ALLEGATIONS

119. Plaintiff Granderson brings her Virginia claims pursuant to Virginia Code § 40.1-29 as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Capital One to work in Virginia since July 1, 2020.

120. Class action treatment of Plaintiff Granderson and the Virginia Wage Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

121. The number of Virginia Wage Class Members is so numerous that joinder of all class members is impracticable.

122. Plaintiff Granderson is a member of the Virginia Wage Class, her claims are typical of the claims of other Virginia Wage Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

123. Plaintiff Granderson and her counsel will fairly and adequately represent the Virginia Wage Class Members and their interests.

124. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

125. Accordingly, the Virginia Wage Class should be certified as defined in Paragraph 105.

# VI.
## RELIEF SOUGHT

126.     Plaintiffs respectfully pray for judgment against Capital One as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 54 and requiring Capital One to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.     For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order pursuant to Section 16(b) of the FLSA finding Capital One liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

d.     For an Order certifying the Virginia Common Law Class as defined in Paragraph 88, and designating Plaintiff Harper as Representative of the Virginia Common-Law Class;

e.     For an Order pursuant to Virginia Common Law awarding Plaintiff Harper and the Virginia Common-Law Class Members unpaid wages and other damages allowed by law;

f.     For an Order certifying the Virginia Wage Class as defined in Paragraph 105, and designating Plaintiff Granderson as Representative of the Virginia Wage Class;

g.     For an Order pursuant to Virginia awarding Plaintiff Granderson and the Virginia Wage Class Members unpaid wages, double or treble damages, and other damages allowed by law;

h.     For an Order awarding the costs and expenses of this action;

i.      For an Order awarding attorneys' fees;

j.      For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

k.      For an Order awarding Plaintiffs Harper and Granderson a service award as permitted by law;

l.      For an Order compelling the accounting of the books and records of Capital One, at Capital One's own expense;

m.      For an Order providing for injunctive relief prohibiting Capital One from engaging in future violations of the FLSA and Virginia law, and requiring Capital One to comply with such laws going forward; and

n.      For an Order granting such other and further relief as may be necessary and appropriate.


Date:   December 21, 2021          Respectfully submitted,

By:    */s/ Harris D. Butler, III*
Harris D. Butler, III (VSB No. 26483)
Craig J. Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)
**BUTLER CURWOOD, PLC**
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: harris@butlercurwood.com
     craig@butlercurwood.com
     zev@butlercurwood.com
     paul@butlercurwood.com


**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** *(Pro Hac Vice Anticipated)*

Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Representative Plaintiffs and Putative Collective/Class Members*