IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KRYSTLE GRANDERSON, Individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> CAPITAL ONE FINANCIAL CORPORATION, <br><br> *Defendant*. | Civil Action No. 3:21-cv-800-REP |

**MEMORANDUM IN SUPPORT OF**
**<u>JOINT MOTION TO STAY PROCEEDINGS</u>**

Plaintiff Krystle Granderson ("Plaintiff") and Defendant Capital One Financial Corporation[1] ("Defendant" and, collectively with Plaintiff, the "Parties"), by their respective counsel, respectfully submit the following Memorandum in Support of their Joint Motion to Stay Proceedings (the "Motion"). The Parties jointly request that this Court order a stay of proceedings (including Defendant's obligation to respond to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 37)) for 120 days to allow the Parties sufficient time to engage in meaningful mediation before a private mediator and to determine whether they can reach a resolution of the claims pending in this litigation. In support of their Motion, the Parties state as follows:

---

[1] Capital One Financial Corporation was not Granderson's employer and is not a proper party defendant. Granderson was employed by Capital One Services, LLC.

1

1. On December 21, 2021, Plaintiff initiated this lawsuit by filing a Complaint on behalf of herself and all others similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, as amended, which she seeks to bring as a collective action pursuant to 29 U.S.C. § 216(b), and Virginia Code Ann. § 40.1-29, which she seeks to bring as a Rule 23 class action. (ECF No. 1.)

2. On February 10, 2022, Capital One moved to dismiss the Complaint in part and moved to strike the Rule 23 allegations. (ECF No. 12.)

3. On February 24, 2022, Plaintiff filed a First Amended Complaint. (ECF No. 18.)

4. On March 7, 2022, Capital One again moved to dismiss the Complaint in part and moved to strike the Rule 23 allegations. (ECF No. 22.) That motion has been fully briefed.

5. On April 8, 2022, Plaintiff filed her Motion for Leave to File a Second Amended Complaint. (ECF No. 37.) Capital One intends to oppose that motion, and the time in which to do so has not yet expired.

6. The Parties are exploring a potential early resolution in this matter that will be mutually satisfactory, avoid time-consuming and costly litigation, and promote judicial efficiency.

7. The Parties have agreed to engage in the exchange of documents, data, and information that will facilitate productive settlement discussions.

8. The Parties also have agreed to engage in good faith settlement negotiations before a mutually agreeable private mediator during the proposed stay period.

9. The Parties believe that a stay of proceedings of 120 days is necessary to allow the Parties sufficient time to exchange meaningful information and participate in private mediation.

10. A stay of the proceedings will be beneficial to their settlement negotiations and enable the Parties to conserve resources that would otherwise be expended on motions and discovery during the stay.

11. In that respect, the Parties agree that continuing to incur attorneys' fees and costs while discussing settlement may adversely affect a possible resolution. As such, the Parties wish to try to resolve this matter without incurring the additional attorneys' fees and costs associated with continued litigation.

12. This case still is in its infancy. Although a pretrial conference has been set for April 20, 2022, the Court has not yet scheduled this matter for trial, and the stay will not delay or otherwise affect any set deadlines in this case.

13. The Parties make this request in good faith, not for the purpose of delay, but for the purpose of exploring settlement without incurring additional attorneys' fees and expenses associated with continued litigation.

14. Staying this case and permitting the Parties to explore settlement will also allow the Court to conserve resources.

15. At the end of the 120-day stay period, the Parties will report jointly to the Court the status of this matter and the need, if any, for additional proceedings.

WHEREFORE, the Parties jointly and respectfully request that the Court grant this Joint Motion and enter the accompanying Proposed Order.

Respectfully submitted on April 18, 2022.

By: _/s/ Zev Hillel Antell_
Harris Dewey Butler, III (VSB # 26483)
harris@butlercurwood.com
Craig Juraj Curwood (VSB # 43975)
craig@butlercurwood.com
Zev Hillel Antell (VSB # 74634)
zev@butlercurwood.com
Paul Mark Falabella (VSB # 81199)
paul@butlercurwood.com
BUTLER CURWOOD PLLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: 804.648.4848
Facsimile: 804.237.0413

William Clifton Alexander (*pro hac vice*)
clif@a2xlaw.com
Austin Winters Anderson (*pro hac vice*)
austin@a2xlaw.com
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, TX 78401
Telephone: 361.452.1279
Facsimile: 361.452.1284

*Counsel for Plaintiff*

By: _/s/ Amy Morrissey Turk_
Amy Morrissey Turk (VSB # 44957)
aturk@mcguirewoods.com
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: 757.640.3711
Facsimile: 757.640.3730

Rodney A. Satterwhite, Esq. (VSB #32907)
rsatterwhite@mcguirewoods.com
Summer L. Speight (VSB # 80957)
sspeight@mcguirewoods.com
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone:  804.775.1000
Facsimile: 804.775.1061

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record.

          */s/ Amy Morrissey Turk*
Amy Morrissey Turk (VSB # 44957)
aturk@mcguirewoods.com
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: 757.640.3711
Facsimile: 757.640.3730